NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-4242
_____

MEGAN EXEL; DAVID EXEL; JOSEPH RADCLIFFE;
E.V., Minor; A.R., Minor

v.

NICHOLE GOVAN, conducting business as a state government employee;
DIVISION OF YOUTH AND FAMILY SERVICES (DYFS), Department of Children
and Families; JANAY TAYLOR; COUNTY OF CUMBERLAND; JOHN DOES of
DYFS, City of Bridgeton, State of New Jersey and Cumberland County;
ALLISON BLAKE, Commissioner New Jersey DYFS

Megan Exel, David Exel and Joseph Radcliffe,
Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court Civil No. 1-12-cv-04280)
District Judge: Honorable Robert B. Kugler

Submitted Under Third Circuit L.A.R. 34.1(a)
September 12, 2017

BEFORE: CHAGARES, JORDAN, and NYGAARD, *Circuit Judges*

(Filed January 9, 2018)
_____

_____

NYGAARD, *Circuit Judge.*

After learning that appellants Megan Exel and Joseph Radcliffe violated a Safety Protection Plan, Janay Taylor and Nicole Govan, who work for the Division of Youth and Family Services, removed A.R. (the biological child of Megan and Joseph) and E.V. (the biological child of Megan). Megan, Joseph, and David Exel[1] appeal the District Court's decision to grant Govan qualified immunity against their Section 1983 claims. They also contend that the District Court erred by denying them an opportunity to amend the complaint.[2] We will affirm.[3]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The Safety Protection Plan designated David Exel, the childrens' grandfather, with temporary custody of the children.

[2] We have de novo review over a district court's dismissal under Fed. R. Civ. P. 12(b)(6). *Carpenters Health v. Management Resource Systems Inc.*, 837 F.3d 378, 382 (3d Cir. 2016). We give de novo review to the grant of summary judgment on the basis of qualified immunity. *Halsey v. Pfeiffer,* 750 F.3d 273, 287 (3d Cir. 2014). We generally review for abuse of discretion assertions of error relating to amending the complaint. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[3] On June 18, 2013, the District Court dismissed all claims against the Division of Youth and Family Services, and the claims against Allison Blake, Nicole Govan, and Janay Taylor in their official capacities. The case against the City of Bridgeton terminated on July 30, 2013. On January 23, 2014, the District Court dismissed all claims against the County of Cumberland and all claims brought on behalf of the minor plaintiffs without prejudice.

Appellants point to precedent requiring "reasonable and articulable evidence" to support the removal of a child from a parent's home and argue that Govan violated their constitutional rights by failing to provide this. *Croft v. Westmoreland Cty. Children & Youth Servs.,* 103 F.3d 1123, 1126 (3d Cir. 1997). But their reliance on *Croft* as controlling authority here is not persuasive.

We have previously concluded that the reference in *Croft* to reasonable and articulable evidence "is too broad for purposes of qualified immunity." *Mammaro v. New Jersey Div. of Child Protection and Permanency,* 814 F.3d 164, 169 (3d Cir. 2016) *as amended* (Mar. 21, 2016), *cert. denied,* 137 S. Ct. 161 (2016). Moreover, the caseworker in *Croft* removed a child from the custody of the parents based only on hearsay allegations of abuse. *Croft,* 103 F.3d at 1126; *see also Mammaro,* 814 F.3d at 170. The undisputed record here is distinguishable, clearly indicating that a Safety Protection Plan was operative when Govan removed the children and that she acted because the parents violated the Plan. For these reasons, the District Court correctly decided that, for purposes of qualified immunity, no clearly established law existed to put a reasonable official on notice that she or he could offend the Constitution by temporarily removing children from their parents after finding the parents to be in violation of a Safety Protection Plan.

Appellants also dispute the facts that prompted Govan to judge them to be in violation of the Plan. But, for the reasons we just explained, we conclude that the District Court properly based its decision to grant qualified immunity to Govan on the absence of clearly established law.

Appellants next contend that, when Govan implemented the Plan, she violated procedural due process. Even assuming, *arguendo*, that procedural due process rights were operative here, the District Court did not err. It properly held that clearly established law did not exist to put a reasonable official on notice that she or he would be infringing parents' due process rights by not discussing with them the consequences of violating the Plan, their right to an attorney, or their right to a hearing. Appellants' argument, which relies on a district court decision that assesses due process requirements in this context (filed two years after the conduct at issue here), is wholly inadequate to establish notice for the purposes of our analysis.[4]

Finally, Appellants claim the District Court abused its discretion by not allowing them to amend their complaint. However, the District Court never denied such a request. Moreover, Appellants do not claim they lacked the opportunity to amend. Rather Appellants position is best framed as asserting error because the District Court refrained from *sua sponte* directing them to amend their complaint. They contend the District Court should have advised them to amend their official capacity claims to include a request for injunctive relief. Appellants also complain that the District Court did not instruct them to amend their complaint to add an individual capacity claim against Janay Taylor. Courts can give pro se parties broad leeway to present their case, but the

---

[4] Appellants do not contest the District Court's ruling that Govan is entitled to absolute immunity for Appellants' various assertions that Govan misled them or mishandled aspects of the case beyond the removal. *Ernst v. Child & Youth Services of Chester County,* 108 F.3d 486, 488-89 (3d Cir. 1997).

4

neutrality of the court is paramount regardless of the status of the parties. Therefore, the District Court did not abuse its discretion when it did not guide Appellants to amend their official capacity claims or add an individual capacity claim.

For all of these reasons, we will affirm the order of the District Court.